PIERRE ST. LUC RICARD *v.* PETER FRENCH KIMBALL and another.

The master and owner of a steamer plying between the port of New Orleans, and the different towns on the Mississippi, or its tributary streams, must be sued in the parish proved by witnesses to be that of his domicil ; and this, though he may have declared, in the enrolment of his boat, taken out before the inception of the suit, that his usual place of residence is in the place where the action was brought.

APPEAL from the District Court of the First District, *Buchanan,* J.

MARTIN, J. The defendants are appellants from a judgment for the value of a slave, drowned through the want of skill and neglect of the persons who navigated the steamer John Linton.

---

The defendant Kimball, excepted to the jurisdiction of the court, on the score of commorancy, he being domiciled in the parish of Natchitoches, and sued in that of Orleans. The other defendant, Satterfield, urged as an exception, that he is not an owner of the boat, nor of any part thereof. The exceptions were overruled ; but the right was reserved to Satterfield to plead in his answer the matters urged in his exception. The defendants answered ; the plaintiff had judgment, and the former appealed.

Kimball proved, by the testimony of a respectable witness, his residence in the parish of Natchitoches, at that time, and for several years before. Another witness of this defendant deposed to the same effect. In opposition to this, the plaintiff's counsel read the enrolment of the boat, in which this defendant, as owner of the boat, stated himself to be of the city of New Orleans. The date of the enrolment is the 2d of January, 1839 ; and the present suit was brought on the 24th of March, 1840. Two witnesses were examined in December, 1840. They both depose that Kimball was a resident of Natchitoches, at that time, and had been so for several years before, which include the inception of the suit. It has, however, been contended, that, as in taking the enrolment, this defendant declares himself to be of the city of New Orleans, he must be considered as a resident of that city, in all matters which relate to the boat.* This appears to us a *non sequitur*. One of the witnesses declared that Kimball had a family at Natchitoches. One of them says, that he has been often at his house there ; and the other says, that he has been so, as late as the month of July, that is, about three months after the inception of this suit. Nothing authorizes us to withhold credit from the testimony of these two witnesses. The owner of a steamboat plying between the port of New Orleans, and the different towns on the Mississippi, or its tributary streams, may well style

---

* The affidavit of Kimball, made for the purpose of procuring the enrolment of the steamer, recites : " I, Peter French Kimball do swear, according to the best of my knowledge and belief, that the ship, or vessel, called the John Linton, is, &c. ; that my present usual place of abode or residence is in the city of New Orleans, State of Louisiana," &c. This affidavit was dated, 2d January, 1839.

Ricard v. Kimball and another.

himself *of the city of New Orleans ;* and if he has his house and family in Natchitoches, may well avail himself of his domicil there. The court, in our opinion, erred in overruling the exception.

The ground upon which it is contended, that the other defendant is a part owner in the boat, is a document by which it appears, that on the 1st of January, 1840, he loaned to his present co-defendant, five thousand dollars, to be repaid during the months of June, 1840, with interest, or by making him a title for that amount in the steamboat John Linton, which title was to take effect from the day that Kimball purchased her. It is clear, that at the inception of the suit, and on the day on which the exception was filed, both of which preceded the time of payment of the money loaned, the property of the whole boat remained in Kimball. The truth of the exception must be tested by the existing circumstances, on the day on which it was filed. The obligation of the borrower being to repay the money, or give an interest in the boat, was a disjunctive one, and he had the choice of either. The court in our opinion, erred, in overruling the exception of this defendant.*

It is therefore ordered, and decreed that the judgment be annulled, and reversed, and that the exceptions of both the defendants be sustained ; and that the plaintiff's petition be dismissed, with costs.

*R. N.* and *A. N. Ogden,* for the plaintiff.

*L. C. Duncan,* for the appellants.

---

* In answer to an interrogatory propounded by the *plaintiff,* Satterfield stated, that he had never owned any part of the boat.